What this action is all about is stated clearly by Judge King in his memorandum of decision denying motion to state causes of action in separate counts, and therefore it is hardly necessary of repetition here. If the plaintiff were to prevail in the original action, his brother and two sisters would share with him, eventually, the ownership of the disputed property. He would not become the sole owner.
He is now, and has for some time been occupying one of the tenements in the property, and for some months also has been failing to pay any rent. The defendant now has title to the property and, consistently with his claim of valid title, seeks to collect, through action in this court, the rent the plaintiff owes him; and in addition has instituted summary process action against the plaintiff.
The burden of the plaintiff's contentions, in support of his motion for a temporary injunction enjoining the defendant from proceeding with his rent action and the summary process action, is that these actions are dependent upon title to the property in question, which "can only be determined in this pending action, thereby avoid a multiplicity of suits by granting a Temporary Injunction to maintain the status quo."
The evidence introduced by the plaintiff in this proceeding was, apparently, for the purpose of showing some justification for the claims the plaintiff makes in the original action, therefore the justification for the relief he now asks.
The plaintiff has the property in question under attachment. which secures his position until his claim is adjudicated. This action, as the situation stands at the moment, does not justify his refusal to pay rent. The property must meet its obligations in the meantime. Even if the plaintiff prevails in the original action he would have to pay rent if he was to remain a tenant.
Consistent with the defendant's position, he has brought summary process. This will involve title before he can prevail. The chances are that a quicker decision as to who has the legal title or should have it can be reached in the trial of the summary *Page 369 
process action, or even of the rent action. There would therefore seem to be no necessity for giving the instant action priority over the other actions, particularly when the prospects of an early decision are better in the other courts than in this.
 The motion is therefore denied.